IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| COREY DESHAWN, | § | |
| dba Corey Deshawn Surveyor, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00101-O-BP |
| | § | |
| WILLIAM DAVID BAYS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff has sued Defendant for legal malpractice provided in connection with a criminal proceeding. (ECF No. 1 at 3).

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume

that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff asserts that Defendant, his attorney in a criminal proceeding, violated articles of the United States and Texas Constitutions; the Federal Rules of Civil Procedure, Criminal Procedure, and Evidence; and the Texas Rules of Evidence. (ECF No. 1 at 3–4). Plaintiff also presents ten causes of action that all relate to Defendant's actions while representing him. (*Id.* at 4–8).

To the extent Plaintiff claims Defendant violated his constitutional rights under 42 U.S.C. § 1983, a plaintiff may seek redress under § 1983 only for conduct committed by persons acting

under the color of state law. *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984). Generally, attorneys do not act under color of state law when performing a lawyer's traditional function as an advocate for his client. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983). However, if there is evidence of a conspiracy between an attorney and state actors, then the attorney may be deemed to have acted under color of state law for the purposes of § 1983. *Tower v. Glover*, 467 U.S. 914 (1984); *Polk County*, 454 U.S. at 325; *but see Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991) (assertion of a conspiracy without facts to support such an allegation is insufficient to state a colorable claim under § 1983).

In the case at bar, Plaintiff makes no claim that Defendant is a state actor or was involved in a conspiracy with a state actor for the purpose of violating his civil rights. Rather, his claim is merely one of a disagreement over the nature of representation provided by Defendant. Thus, the complaint fails to allege a basis for holding Defendant liable under § 1983. Further, the Court is unable to identify any other cause of cation that could give rise to federal question jurisdiction under 28 U.S.C. § 1331.

A party seeking to invoke diversity jurisdiction has the burden to show that it exists. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986).

The address provided by Plaintiff indicates he resides in Dallas, Texas. Although the complaint does not allege the citizenship of Defendant, Plaintiff does allege that Defendant is a member of the State Bar of Texas, complete with bar number. A review of the State Bar of Texas's

website shows Defendant's practice is located in Haltom City, Texas. Thus, Defendant also is likely a citizen of Texas. Accordingly, it appears that both the Plaintiff and Defendant are citizens of Texas, thereby, preventing the Court from exercising subject matter jurisdiction over the case. Even if the parties were diverse, Plaintiff has not alleged sufficient facts for the Court to determine that the amount in controversy exceeds $75,000.

For the foregoing reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) for lack of jurisdiction.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 8, 2019.

                                                              _____
                                                              Hal R. Ray, Jr.
                                                              UNITED STATES MAGISTRATE JUDGE